No. 8546
First Circuit Appeal.

---

ALFRED BERGERON (Widow and Heirs Substituted) v. LOUIS J. BABIN, ET AL.

---

(May 15, 1925, Opinion and Decree.)

---

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Surveyors and Surveys—Par. 1.**

The fact that a surveyor appointed had previously done some work in the employ of the plaintiff toward re-establishing the line in question does not disqualify him from making another survey of a disputed line in the boundary suit.

2. **Louisiana Digest—Surveyors and Surveys—Par 3, 4.**

Locations, calls, and distances must be followed if they can be found. All proof possible should be brought to bear in re-establishing the line in question.

3. **Louisiana Digest—Surveyors and Surveys—Par. 24; Appeal—Par. 741.**

Where the line in question in a boundary suit has not been sufficiently proved by running lines from approved government corners to tie with the line which the present surveyor ran and prove it in the right place; the case will be remanded to the lower court for further proceedings to definitely prove the line correct.

Appeal from the Twentieth Judicial District Court, Parish of Terrebonne, Hon. H. M. Wallis, Jr., Judge.

This is a suit to establish a boundary line between two adjoining states. After the survey had been made but previous to the ·trial the plaintiff died, whereupon his widow and children were substituted as plaintiffs.

There was judgment approving the line fixed by the surveyor appointed by the court. Defendants appealed.

Judgment reversed and case remanded to the lower court for further proceedings according to law.

Butler & Wurtzlow, of Houma, attorneys for plaintiff, appellee.

Harris Gagne, of Houma, attorney for defendants, appellants.

ELLIOTT, J. The plaintiff, Alfred Bergeron, owner and possessor of a tract of land in Section 85 T 16 S R 17 E, Southeastern District of Louisiana, West of the Mississippi river, brought suit against deendants Louis J. Babin and Herbert August Babin, owners and possessors of Sections 60 and 61 same township and range; the object and purpose of which is to re-establish and have re-marked the original Government boundary line, which divides Sections 60 and 61 from Section 85.

The plaintiff alleges and defendants admit that the dividing line was fixed by the Government surveyors many years ago, and approved by the proper officers, and that same constitutes the boundary line between their respective adjoining and abutting tracts: That the same can not now be seen and they differ as to the location of the line, and that its true location is the sole question at issue and the only matter in dispute.

The court at the instance of the plaintiff appointed a surveyor to inspect the premises, make a survey for the purpose· and return to the court.

The defendant moved to vacate the appointment, contending that the surveyor appointed had already, while in the employ of the plaintiff, done some work in re-establishing the line in question, and was therefore disqualified. The court overruled the motion.

The surveyor inspected the premises, made a survey and return to the court. The plaintiffs contend that the line, as re-traced and delineated by him is correct; and pray that it be approved and made the judgment of the court.

The defendants deny that it is correct and oppose it as being incorrect and pray that it be rejected.

After the survey had been made and opposed, but previous to the trial of the case, Mr. Bergeron departed this life; whereupon his widow in community and his children, his sole heirs at law, were substituted as plaintiffs in his place.

The court, for written reasons, approved the survey and rendered judgment accordingly. The defendants appealed.

OPINION.

The exception of no cause of action was properly overruled.

The fact that the surveyor appointed had previously done some work in the employ of the plaintiff toward re-establishing the line in question, does not disqualify him. We notice that he returns that he ran the line from the disputed line west of Bayou Terrebonne, and delineates plaintiff's land on his plat, but we do not think this sufficient to disqualify him.

The surveyor found and shows in his return a Government corner at "the upper back corner of Section 63 T 16 S R. 17 E" indicated on his map by the letter A; which if we understand aright the maps and plats is the southwest corner of Sec-

tion 63. Starting from thence he ran to the southeast corner of that section; thence to the southwest corner of Section 62; thence to the southeast corner of the same; thence to the southwest corner of Section 61. From this corner he re-traced the line in question.

The line in question is a straight line running from the southwest corner of Section 61, to the southeast corner of Section 58: But that part which divides Sections 60 and 61 on one side, from Section 85 on the other, is immediately in dispute in this case.

The surveyor appointed by the court testifies in support of his work that he traced the Government line by the field notes of the Government survey from the Government corner at the southwest corner of Section 63, to the Government corner which he found at the southwest corner of Section 53.

The Government plats show traced and marked on them an unnamed water course leading a diagonal and northern and southern direction across the Sections from the 57 to 63 near western limits of the same.

The field notes of the Government survey made by Mark Valentine in 1831 show that this water course is Bayou Coteau (spelled by him Coto).

The surveyor appointed by the court returns and testifies that Bayou Coteau does not run across the western end of Sections 61 and 60, as indicated on the Government plat; but across the east end of Section 85. That he found and re-traced the Government line between Sections 60 and 61 on one side and 85 on the other, and that the line re-traced returned by him is correct, etc.

To agree with him we must hold that the Government plat before us is wrong.

The surveyor appointed by the court, also returns and testifies that the various head-

rights 60 and 61, etc., do not have the width which the Government field notes show they have. This has no bearing on the re-establishment of the line in question—we only mention it as showing that the work of the surveyor does not harmonize with that of the Government surveyor in two respects.

It would not be well to approve a local survey re-establishing such an important Government line, unless sure and satisfied that it is correct.

The Government plat showing that Bayou Coteau is located on Sections 60 and 61 is prima facie correct and will not be held to be wrong, unless the error and mistake is established beyond question. Its location affects several sections besides 60, 61 and 85.

In addition to the matter stated we find some others which also bear on the accuracy of the re-establishment in question. The surveyor found 2 Government corners above mentioned, which are wide apart, with 10 sections intervening between them: These sections were all originally surveyed by the Government surveyor from Bayou Blue. At the time these sections were located and limited by the Government, the Section 85, in which the plaintiff's land is situated, was not surveyed.

Mark Valentine, United States deputy surveyor, who made the surveys of Sections 60 and 61 in 1831, says: "Section No. 85 is not run—deep impassable prairie and swamp. Sections 86, 87, 88 also not run."

The Section 85 is not to be taken into account in re-establishing the line in question, except that its location is dependent on the prior location of Sections 60 and 61 from Bayou Blue.

The field of the United States deputy surveyor in his survey of Section 60, calls for Bayou Coteau (spelled by him Coco) a certain distance from Bayou Blue. The statement in the Government field notes is "cane on Bayou Coteau." The call for "cane on Bayou Coteau" is not precise and admits of some latitude: Yet prima facie it does not appear to be satisfied by a survey and plat, which places Bayou Coteau entirely on Section 85, and not on Section 60 at all.

Then again the Government surveyor in locating Sections 60 and 61 started from Bayou Blue; and the western limits of these sections should, we think, be re-traced by lines commencing on Bayou Blue; just as the Government lines were started and run, which was not done in the present case.

Proving lines run from approved Government corners on Bayou Blue should, we think, tie with the line which the present surveyor ran, starting from the southwest corner of Section 63, if no mistake be made.

A line running from a proved corner on Bayou Blue along the line of Section 60 to the "cane on Bayou Coteau" and another from a proved Government corner on Bayou Blue along the line of Section 61 to the line re-traced from the southwest corner of Section 63 in Bayou Coteau, should lead to the line to be re-established and, with the line already run, help in definitely and accurately re-establishing the line in question; if no mistake be made. The line from Bayou Blue should tie with the line already run, and prove it, if in the right place.

In running the line of Section 60 from Bayou Blue search should be made for the call "cane on Bayou Coteau" and the result shown to the court.

Government locations, calls and distances must be followed if they can be found. All proof possible should be brought to

bear in re-establishing the line in question. See Smith vs. Almond, 157 La. 265, 102 South. 330, S R January 31, 1925; Houston Ice & Brewing Company vs. Murry Oil Company, 149 La. 228, 88 South. 802.

As it is, we are not satisfied that the line in question has been correctly re-established. We do not believe that it is sufficiently proved, and therefore, the judgment approving it and appealed from is erroneous and must be set aside.

For the above reasons the judgment appealed from is annulled, avoided, and set aside. This case is now remanded to the lower court for further proceedings, as the law provides; and in order that a further survey may be made by the surveyor already appointed, or by another or others, as the lower court may deem best in his judgment, for the purpose of re-establishing the line between Sections 60 and 61 on one side and Section 85 on the other:

That due and proper return be made to the lower court with plat verifying the re-establishment of the line in question in conformity with the views herein expessed. All corners of Sections 60 and 61 adjoining and next to Section 85 to be verified and proved by measurements thereto from Bayou Blue, in the same way in which they were originally located, as well as from the Government corners at the southwest corner of Sections 53 and 63, all as provided by law. Revised Statutes of 1870 Section 3745: Said survey to be made and returned into the lower court at a time to be fixed by the lower court; and both sides given opportunity to approve or oppose the same:

The appellee to pay costs of the present appeal. The cost of the lower court to await and abide the final action of the court in the matter of the controversy.